(105 So. 511)

· No. 26518.

## MOSSLER MOTOR CO., Inc., v. JOS. SCHWARTZ CO., Inc.

(July 13, 1925.  Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant** ⟨key⟩134(1)—**Tenant held obligated to so conduct business as not to damage lessor.**

Though lessor was bound by lease to provide tenant with entrance and exit for automobiles, lessee was legally obligated to so conduct his business as not to damage lessor by flooding latter's store with excess water used in washing cars in passageway.

2. **Injunction** ⟨key⟩62(2)—**Landlord and tenant** ⟨key⟩223(5)—**Lessee held entitled to injunction against closing of alleyway by lessor, but not to reduction of rent as damages.**

Lessee of property with entrance and exit for automobiles *held* entitled to injunction against closing of alleyway, constituting only

such entrance and exit, but not to arbitrary reduction of rent as damages, of which there was no evidence; his recourse being by suit against lessor for any damages suffered.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Judge.

Suit by the Mossler Motor Company, Inc., against the Jos. Schwartz Company, Inc. Decree for plaintiff, and defendant appeals. Reversed and avoided in part without prejudice, and affirmed in other respects.

Dart & Dart, of New Orleans, for appellant.

Alexis Brian, of New Orleans, for appellee.

BRUNOT, J.  Defendant leased certain property to the plaintiff, including an entrance and exit for automobiles. Plaintiff used the common entrance for the purpose of washing automobiles. He evidently abused this privilege, and the abutting property owner, for the protection of his tenant's rights, built a concrete wall on the property line, which prevented the use of the alley by the plaintiff. Defendant then gave plaintiff an entrance and exit through his store to the street. Plaintiff continued to wash his cars in this passageway, and the excess water so used flooded defendant's store and caused damage to his goods. He threatened to close this alleyway and plaintiff secured an injunction prohibiting him from doing so.

[1, 2] Defendant is bound by the terms of the lease to provide his tenant with an entrance and exit for cars, but plaintiff is also under a legal obligation to so conduct his business as not to damage his lessor. The attempted closing of the passageway was error, and plaintiff has a legal right to have it reopened. As a result of this suit and the injunction which was sued out, plaintiff contends that it is entitled to a reduction of rent, and the district court maintained the injunction and reduced the rent of the premises $100 per month. We concur in the

conclusion of our learned brother of the district court that defendant should be enjoined from closing the alleyway, which is the only entrance and ,exit for automobiles to and from plaintiff's place of business, but we disagree with him in his arbitrary reduction of the rent due for the use of said premises. If plaintiff has suffered damages his recourse is by a suit against his lessor therefor. To hold that any specific amount of damage has been suffered by the plaintiff in this case, when there is not a suggestion of proof upon which to base such an award, is, in our opinion, illegal and unwarranted.

For these reasons the judgment appealed from is reversed and avoided in so far as it reduces the monthly payments of rent from $350 per month to $250, and it is now ordered that all rights plaintiff may have in a suit to recover damages are reserved to it, and that otherwise and in all other respects the judgment appealed from is affirmed, at appellee's cost.